Adam Pick v. Fremantlemedia North America Inc et al

FILED
CLERK, U.S. DISTRICT COURT

FEB - 1 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6 ____
JS-2/JS-3 ____
Scan Only ____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM PICK, | CASE NO. CV07-728 AHM (CTx) |
| Plaintiff, | INITIAL ORDER FOLLOWING FILING OF COMPLAINT ASSIGNED TO JUDGE MATZ |
| v. | |
| FREMANTLEMEDIA NORTH AMERICA, INC., et al., | |
| Defendants. | |

DOCKETED ON CM

FEB - 6 2007

BY                    002

COUNSEL FOR PLAINTIFF SHALL SERVE THIS ORDER ON ALL DEFENDANTS AND/OR THEIR COUNSEL ALONG WITH THE SUMMONS AND COMPLAINT, OR IF THAT IS NOT PRACTICABLE AS SOON AS POSSIBLE THEREAFTER. IF THIS CASE WAS ASSIGNED TO THIS COURT AFTER BEING REMOVED FROM STATE COURT, THE DEFENDANT WHO REMOVED THE CASE SHALL SERVE THIS ORDER ON ALL OTHER PARTIES.

This case has been assigned to the calendar of Judge A. Howard Matz. Judge Matz is intent on assuring that, as called for in Fed.R.Civ. P. 1, this case will proceed so as "to secure [a] just, speedy and inexpensive determination . . ." The parties are hereby informed of how they are expected to proceed.

Dockets.Justia.com

A.    **THE COURT'S ORDERS**

Copies of Judge Matz's orders that may have specific application to this case are available on the Central District of California website. See ¶ J. Those orders include the following (this is not necessarily a complete list):

> (1)    Order Setting Rule 26(f) Scheduling Conference
>
> (2)    Scheduling and Case Management Order
>
> (3)    Order re Protective Orders and Treatment of Confidential Information
>
> (4)    Orders (separate) re Civil Jury Trials and Court Trials
>
> (5)    Order re Settlement Conference

B.    **SERVICE OF PLEADINGS**

Although Fed.R.Civ.P. 4(m) does not require the summons and complaint to be served for as much as 120 days, the Court expects that they will be served much sooner than that, and will require plaintiff to show cause before then if it appears that there is undue delay.

C.    **ASSIGNMENT TO A MAGISTRATE JUDGE**

Under 28 U.S.C. § 636, the parties may consent to have a Magistrate Judge preside over all proceedings, including trial. The Magistrate Judges who accept those designations are identified on the Central District's website, which also contains the consent form. See ¶ J.

D.    **APPLICATIONS AND STIPULATIONS FOR EXTENSIONS OF TIME**

> A.    **Applications or Stipulations to Extend the Time to File any Required Document or to Continue any Pretrial or Trial Date.**

No stipulations extending scheduling requirements or modifying applicable rules are effective until and unless the Court approves them. Both applications and stipulations must set forth:

2

1    1.  the existing due date or hearing date;

2        2.  specific, concrete reasons supporting good cause for granting the

3  extension. In this regard, a statement that an extension "will promote settlement"

4  is insufficient. The requesting party or parties must indicate the status of ongoing

5  negotiations: have written proposals been exchanged? Is counsel in the process of

6  reviewing a draft settlement agreement? Has a mediator been selected?

7        3.  whether there have been prior requests for extensions, and whether

8  these were granted or denied by the Court.

9        **E.    TRO'S AND INJUNCTIONS**

10       Parties seeking emergency or provisional relief shall comply with

11  F.R.Civ.P. 65 and Local Rule 65. The Court will not rule on any application for

12  such relief for at least 24 hours after the party subject to the requested order has

13  been served; such party may file opposing or responding papers in the interim.

14  The parties shall lodge a courtesy copy, conformed to reflect that it has been filed,

15  of all papers relating to TROs and injunctions. The courtesy copy shall be placed

16  in the drop box in the entrance way to chambers, to the left of Courtroom 14. All

17  such papers shall be filed "loose" - - *i.e.,* not inside envelopes.

18       **F.    CASES REMOVED FROM STATE COURT**

19       All documents filed in state court, including documents appended to the

20  complaint, answers and motions, must be refiled in this Court as a supplement to

21  the Notice of Renewal, if not already included. *See* 28 U.S.C. § 1447(a)(b). If

22  the defendant has not yet answered or moved, the answer or responsive pleading

23  filed in this Court must comply with the Federal Rules of Civil Procedure and the

24  Local Rules of the Central District. If before the case was removed a motion was

25  pending in state court, it must be re-noticed in accordance with Local Rule 7.

26  ///

27  ///

28

## G.  STATUS OF FICTITIOUSLY NAMED DEFENDANTS

This Court intends to adhere to the following procedures where a matter is removed to this Court on diversity grounds with fictitiously named defendants referred to in the complaint. (*See* 28 U.S.C. ¶¶ 1441(a) and 1447.)

1.    Plaintiff is normally expected to ascertain the identity of and serve any fictitiously named defendants within 120 days of the removal of the action to this Court.

2.    If plaintiff believes (by reason of the necessity for discovery or otherwise) that fictitiously named defendants cannot be fully identified within the 120-day period, an *ex parte* application requesting permission to extend that period to effectuate service may be filed with this Court.  Such application shall state the reasons therefor, and may be granted upon a showing of good cause. The *ex parte* application shall be served upon all appearing parties, and shall state that appearing parties may comment within seven (7) days of the filing of the *ex parte* application.

3.    If plaintiff desires to substitute a named defendant for one of the fictitiously named parties, plaintiff first shall seek to obtain consent from counsel for the previously-identified defendants (and counsel for the fictitiously named party, if that party has separate counsel).  If consent is withheld or denied, plaintiff may apply *ex parte* requesting such amendment, with notice to all appearing parties.  Each party shall have seven calendar days to respond.  The *ex parte* application and any response should comment not only on the substitution of the named party for a fictitiously named defendant, but on the question of whether the matter should thereafter be remanded to the Superior Court if diversity of citizenship is destroyed by the addition of the new substituted party. *See* U.S.C. § 1447(c)(d).

///

///

4

1    **H.    BANKRUPTCY APPEALS**

2    Counsel shall comply with the ORDER RE PROCEDURE TO BE

3    FOLLOWED IN APPEAL FROM BANKRUPTCY COURT issued at the time

4    the appeal is filed in the District Court.  The matter is considered submitted upon

5    the filing of the appellant's reply brief.  No oral argument is held unless otherwise

6    ordered by this Court.

7    **I.    MOTIONS UNDER FED.R.CIV.P. 12**

8    Many motions to dismiss or to strike could be avoided if the parties confer

9    in good faith (as they are required to do under L.R. 7-3), especially for perceived

10   defects in a complaint, answer or counterclaim which could be corrected by

11   amendment.  *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996) (where a

12   motion to dismiss is granted, a district court should provide leave to amend unless

13   it is clear that the complaint could not be saved by *any* amendment).  Moreover, a

14   party has the right to amend his complaint "once as a matter of course at any time

15   before a responsive pleading is served." Fed.R.Civ.P. 15(a).  A 12(b)(6) motion

16   is not a responsive pleading and therefore plaintiff might have a right to amend.

17   *See Nolen v. Fitzharris*, 450 F.2d 958, 958-59 (9th Cir. 1971); *St. Michael's*

18   *Convalescent Hospital v. California*, 643 F.2d 1369, 1374 (9th Cir. 1981).  And

19   even where a party has amended his Complaint once or a responsive pleading has

20   been served, the Federal Rules provide that leave to amend should be "freely

21   given when justice so requires." F.R.Civ.P. 15(a).  The Ninth Circuit requires

22   that this policy favoring amendment be applied with "extreme liberality."

23   *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

24   These principles require that counsel for the plaintiff should carefully

25   evaluate the defendant's contentions as to the deficiencies in the complaint and

26   that in many instances the moving party should agree to any amendment that

27   would cure a curable defect.

28   ///

1    In the unlikely event that motions under Fed.R.Civ.P. 12 challenging

2  pleadings are filed after the Rule 26(f) Scheduling Conference, the moving party

3  shall attach a copy of the challenged pleading to the Memorandum of Points and

4  Authorities in support of the motion.

5    The foregoing provisions apply as well to motions to dismiss a

6  counterclaim, answer or affirmative defense, which a plaintiff might contemplate

7  bringing.

8    **J.    COURTESY COPIES AND COMPUTER DISKS**

9    Courtesy copies should be provided to chambers when: (1) reply papers

10  are filed early – *e.g.*, on the Friday before the deadline set out in L.R. 7-10; or (2)

11  emergency circumstances make them essential – *e.g.*, for TROs, *ex parte*

12  applications or papers filed during trial or within two days of a scheduled hearing,

13  pre-trial conference or trial.  When the Court requires that a computer disk be

14  submitted (*e.g.*, with summary judgment papers or proposed jury instructions),

15  that disk should be left in a labeled envelope in the courtesy box.

16    Counsel should avoid leaving extra copies of voluminous documents with

17  chambers when they are not necessary to comply with this paragraph.

18    **K.    WEBSITE**

19    Copies of this Order and other orders of this Court are available on the

20  Central District of California's website, at "www.cacd.uscourts.gov," under

21  "Judge's Requirements."

22    The Court thanks counsel and the parties for their anticipated cooperation.

23

24  IT IS SO ORDERED.

25

26  Dated: February 1, 2007

27    A. HOWARD MATZ
      United States District Judge

28

6