| | |
|---|---|
| Name George Hedges, Quinn Emanuel Urquhart Oliver & Hedges | |
| Address 865 S. Figueroa Street, 10th Floor | Bill ✓ |
| City, State, Zip Los Angeles, CA, 90017 | Fees Pd _____ |
| Phone (213) 443-3000 | Frms Gvn _____ |
| Fax (213) 443-3100 | CAD _____ |
| E-Mail georgehedges@quinnemanuel.com | TDO _____ |
| ☐ FPD  ☐ Appointed  ☐ CJA  ☐ Pro Per  ☒ Retained | |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM PICK | CASE NUMBER: |
| PLAINTIFF(S), | CV 07-728 AHM (CTx) |
| v. | |
| FREMANTLEMEDIA N.A., INC., AMERICAN IDOL PRODUCTIONS, INC., FOX BROADCASTING CO., FOX INTERACTIVE MEDIA, INC.    DEFENDANT(S). | NOTICE OF APPEAL |

NOTICE IS HEREBY GIVEN that ___FremantleMedia North America, Inc., et. al.___ hereby appeals to
                                                    *Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☒ Order (specify):
   Granting motion to remand and for attorney
   fees. See attached Exhibit A.

☐ Judgment (specify):

☐ Other (specify):

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE, MOST RECENT, ADDRESS OF RECORD, IN THIS ACTION, ON THIS DATE.
DATED: 5/2/07
DEPUTY CLERK

Imposed or Filed on ___April 20, 2007___. Entered on the docket in this action on ___April 23, 2007___.

A copy of said judgment or order is attached hereto.

May 2, 2007
Date

Signature
☐ Appellant/ProSe   ☒ Counsel for Appellant   ☐ Deputy Clerk

Note: The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)                                    NOTICE OF APPEAL

MAY - 7 2007
BY _____ 181

# EXHIBIT A

EXHIBIT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-728 AHM (CTx) | Date | April 20, 2007 |
|---|---|---|---|
| Title | ADAM PICK v. FREMANTLEMEDIA NORTH AMERICA, INC., *et al.* | | |

Present: The Honorable **A. HOWARD MATZ, U.S. DISTRICT JUDGE**

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:    Attorneys **NOT** Present for Defendants:

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

## I.    INTRODUCTION

Plaintiff Adam Pick ("Plaintiff") filed a Complaint in Los Angeles County Superior Court on May 22, 2006, alleging nine state law causes of action[1] against Defendants Fremantlemedia North American, Inc. ("Fremantle"), American Idol Productions, Inc., and Fox Television Stations, Inc. On January 26, 2007, Plaintiff filed a First Amended Complaint ("FAC") alleging the same causes of action and replacing Defendant Fox Television Stations, Inc. with Defendants Fox Broadcasting Company and Fox Interactive Media, Inc. (collectively, the "Fox Defendants") (all of the Defendants named in the FAC will be referred to collectively as "Defendants"). Plaintiff's nine causes of action arise out of Defendants' creation of an online interactive fantasy game relating to the popular television show *American Idol* that was allegedly copied from an idea that Plaintiff previously pitched to Defendants.

On January 31, 2007, less than four months before the May 2007 trial date, Defendants removed the case to this Court based on the theory that recent discovery made it clear for the first time that Plaintiff's breach of implied contract claim was preempted by the Copyright Act. Plaintiff now moves for remand because Defendants' removal was untimely and Plaintiff's breach of implied contract claim is not preempted by the Copyright Act. The Court finds that the breach of implied contract claim is not preempted. The Court further finds that the non-Fox Defendants' removal was untimely,

---

[1] Both the Complaint and the FAC allege claims for: 1) breach of implied contract; 2) interference with contract; 3) interference with prospective economic advantage; 4) fraud; 5) negligent misrepresentation; 6) promissory estoppel; 7) declaratory relief; 8) injunctive relief; and 9) accounting.

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 1 of 10 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No: | CV 07-728 AHM (CTx) | Date | April 20, 2007 |
|---|---|---|---|
| Title | ADAM PICK v. FREMANTLEMEDIA NORTH AMERICA, INC., *et al.* | | |

because the grounds for their arguments in support of removal were evident from the face of the Complaint. Therefore, the Court GRANTS Plaintiff's motion for remand.

Plaintiff also seeks an award of attorneys' fees, which the Court GRANTS. The Court awards $16,040 to Plaintiff.

## II.  FACTUAL BACKGROUND

Plaintiff developed an idea to improve the *American Idol* website by creating an online, interactive fantasy game in which users could guess which contestant would next be eliminated from the show, as well as an online platform for fans to post their own personal blogs and photos. (Notice of Removal ("NOR"), Ex. A, (First Amended Complaint ("FAC")) ¶ 1). Plaintiff allegedly attempted to sell his idea to executives at American Idol Productions, Inc. "with the understanding that Defendants would not use his lucrative Website Idea without paying for it." (FAC ¶ 2). Defendants told Plaintiff they were not interested, but that they had no objection to him using his ideas on a website of his own. (FAC ¶¶ 2-3, 22). Plaintiff proceeded to launch a website called "Idol Go Home," which featured the fantasy game and the other ideas he had attempted to sell to Defendants. (FAC ¶ 22). On February 16, 2006, Defendants sent a letter to Plaintiff demanding that he immediately shut down Idol Go Home. (FAC ¶ 25). At the same time, Defendants allegedly modified the *American Idol* website to incorporate all of the ideas that Plaintiff had pitched to them, including the "concepts, design and layout" of the fantasy game. (FAC ¶ 27).

## III.  ANALYSIS

### A.  Legal Standard for Removal

"Any action based on a claim or right that arises under federal law may be removed to federal court pursuant to 28 U.S.C. § 1441, if a notice of removal is filed *within 30 days after* the defendant receives 'a copy of an amended pleading, motion, order or other paper from which *it may first be ascertained that the case is one which is or has become removable.*'" *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 777 (9th Cir. 1994), *citing* 28 U.S.C. § 1446(b) (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-728 AHM (CTx) | Date | April 20, 2007 |
|---|---|---|---|

| Title | ADAM PICK v. FREMANTLEMEDIA NORTH AMERICA, INC., et al. |
|---|---|

### B. Legal Standard for Copyright Preemption

Section 301 of the Copyright Act preempts all claims that both (1) "come within the subject matter of copyright" and (2) protect rights that are "equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a). In order to determine whether a claim falls within the reach of § 301, the Ninth Circuit uses a two-part test. *Valente-Kritzer Video v. Pinckney*, 881 F.2d 772, 776 (9th Cir. 1989), *cert. denied*, 493 U.S. 1062 (1990). First, the work at issue must "come within the subject matter of copyright as specified by sections 102 and 103 . . . ." 17 U.S.C. § 301(a). Second, the rights being asserted by the plaintiff must be "equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 . . . ." *Id.* To escape preemption, a state cause of action "must protect rights which are qualitatively different from the copyright rights . . . . [And,] [t]he state law claim must have an 'extra element' which changes the nature of the action." *Del Madera Properties v. Rhodes and Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (citation omitted).

### C. Defendants' Grounds for Removal

Defendants base removal on two arguments. First, Defendants argue that Plaintiff's breach of implied contract claim is preempted by the Copyright Act. Second, Defendants argue that because the Fox Defendants were not present when Plaintiff allegedly "pitched" the idea, no implied contract could have been entered into with them, and thus that cause of action is really a claim for copyright infringement.

For the following reasons, the Court remands the case.

#### 1. Procedural History

The initial Complaint, filed more than eight months before the notice of removal, alleged that "Defendants modified their *American Idol* website to directly copy Pick's Website Idea" (NOR, Ex. 4, Internal Ex. D ("Complaint") ¶ 3); "Defendants used Pick's concept, format and layout and offered the same grand prize that Pick had offered for the winner of his fantasy game" (Complaint ¶ 3); "Beginning in or about January 2006, Defendants began modifying their own website to copy Pick's Website Idea" (Complaint ¶ 27); "Defendants copied virtually every single element of Pick's Website Idea,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-728 AHM (CTx) | Date | April 20, 2007 |
|---|---|---|---|
| Title | ADAM PICK v. FREMANTLEMEDIA NORTH AMERICA, INC., et al. | | |

including a fantasy game using Plaintiff's "concepts, *design and layout*;" (Complaint ¶ 27) (emphasis added); "Defendants' fantasy game even had the exact same grand prize and featured the exact same iconic picture of the Hollywood sign that Pick used." (Complaint ¶ 27); and "Defendants added an online platform . . . for fans to post their own personal blogs with similar features and functionality as Pick's blog platform." (Complaint ¶ 27).

### 2. The Breach of an Implied Contract Claim Against the Non-Fox Defendants

#### (a) Preemption

Defendants argue that this case is removable because Plaintiff's breach of implied contract claim is preempted by the Copyright Act. Defendants argue, and Plaintiffs do not dispute, that the website is within the subject matter of copyright. The parties dispute, however, whether the rights asserted in this claim are "equivalent to any of the exclusive rights within the general scope of copyright." 17 U.S.C. § 301(a).

The Ninth Circuit addressed a similar question in *Grosso v. Miramax*, in which a screenwriter brought a breach of implied contract claim against a movie studio for allegedly using the ideas and themes of his screenplay in a movie. 383 F.3d 965, 967 (9th Cir. 2004). A claim for breach of an implied contract must allege that Plaintiff "prepared the work, disclosed the work to the offeree for sale, and did so under circumstances for which it could be concluded that the offeree voluntarily accepted the disclosure knowing the conditions on which it was tendered and the reasonable value of the work." *Id.* at 967 (internal citations omitted). *Grosso* held that to survive preemption, a breach of an implied contract claim must allege an extra element that changes the nature of the action from that of copyright infringement. *Id.* at 968. Here, as in *Grosso*, the extra element is the allegedly implied promise to pay by Defendants. (FAC ¶¶ 2, 38). Thus, the Court finds that this claim against the non-Fox Defendants is not preempted by the Copyright Act.

#### (b) Timeliness

Even if the breach of implied contract claim were preempted, removal by the non-Fox Defendants was untimely. Defendants argue that removal is timely, because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-728 AHM (CTx) | Date | April 20, 2007 |
|---|---|---|---|
| Title | ADAM PICK v. FREMANTLEMEDIA NORTH AMERICA, INC., et al. | | |

Defendants were unaware that Plaintiff's claims were preempted until Plaintiff responded to Defendants' interrogatories on January 16, 2007 and Plaintiff's deposition was taken on January 19, 2007. Plaintiff's deposition and interrogatory responses set forth specifically what elements of his website were allegedly copied by the Defendants. In his deposition, Plaintiff stated that Defendants copied the "look of the site" and "design elements," and that the *American Idol* site was "incredibly similar in design, look and feel and colors." (Declaration of Stan Karas ("Karas Decl."), Ex. A ("Plaintiff's Depo."), 52:24-53:22). Plaintiff's interrogatory response claimed that Defendants copied the "layout of Idol Go Home's blog homepage," "Idol Go Home's unique functions and icons," the features of individual webpages, Plaintiff's fantasy game design, and his website's incentives and marketing strategies. (Karas Decl., Ex. B, 25:17-28:20).

Although, as shown above, the descriptions of the allegedly copied elements in the deposition and interrogatory responses are more specific than in the Complaint, the Complaint alleged copying of "virtually every single element of Pick's Website idea" and the use of Plaintiff's "concept, format and layout." (Complaint ¶¶ 3, 27). Thus, the Complaint put the non-Fox Defendants on notice of the allegations on which Defendants now base their arguments for removal.[2]

The Defendants' assertion of preemption as an affirmative defense in their Answer to the Complaint provides further evidence that they were aware of the nature of Plaintiff's claims. Plaintiff's Fifteenth Affirmative Defense in the Answer, filed July 26, 2006, is copyright preemption. (NOR, Ex. 4, Internal Ex. F, ¶ 15). "Although the defense of preemption does not support removal, the answer indicates the [Defendants

---

[2] Defendants cite *Harris v. Bankers Life and Casualty Company* for the proposition that parties may remove after the initial 30-day period "where their discovery of the grounds of federal jurisdiction is belated because facts disclosing those grounds were inadequately or mistakenly stated in the complaint." 425 F.3d 689, 695 (9th Cir. 2005) (removal after nine months was timely because the defendant had just learned that diversity existed). *Harris* is distinguishable because here the Complaint alleged that "Defendants copied virtually every single element of Pick's Website Idea," (Complaint ¶ 27), and Defendants would not need these elements to be set forth specifically to support their argument for removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-728 AHM (CTx) | Date | April 20, 2007 |
|---|---|---|---|
| Title | ADAM PICK v. FREMANTLEMEDIA NORTH AMERICA, INC., *et al.* | | |

were] aware at that time of the nature of [P]laintiff's claim." *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 783 (9th Cir. 1994) (finding that removal was untimely, because the defendant's answer, which was filed over a year earlier and included a federal preemption defense, indicated that the defendant "was aware of the nature of the plaintiffs' claims").

Defendants argue that Plaintiff's attempts to obtain injunctive relief and an accounting of Defendants' profits support a finding of preemption, because these are copyright remedies not available under Plaintiff's implied contract claim. Without addressing whether this argument could have merit, here it fails and actually provides further support that Defendants' removal was untimely, because Plaintiff made identical claims for injunctive relief and an accounting in both the Complaint and the FAC. (*Cf.* Complaint ¶¶ 76-82 *with* FAC ¶¶ 76-82).

Therefore, the Court finds that the non-Fox Defendants' removal was untimely.

### 3. The Breach of Implied Contract Claim Against the Fox Defendants

#### (a) Preemption

Defendants argue that Plaintiff fails to adequately allege a claim for an implied contract against the Fox Defendants, because they were not present at the pitch meeting. Thus, Defendants argue, the claim against those Defendants in essence can only be a copyright claim, which is preempted. The FAC, however, alleges that the Fox Defendants and the other Defendants "acted as agents of each other and/or as joint venturers and acted in concert with each other to commit the acts alleged herein." (FAC ¶ 14). All of the allegations in the FAC refer to "Defendants," rather than separating out the non-Fox Defendants.[3] The deposition of Jason Turner, Fremantle's Director of Interactive, supports these allegations. (Decl. of Jeffrey B. Valle, Ex. A, Depo. of Jason Turner ("Turner Depo.")). Turner testified that Fox and Fremantle each receive one-

---

[3] For example, the FAC alleges that "Defendants" sent a letter to Pick demanding he immediately shut down Idol Go Home, as well as threatening e-mails. (FAC ¶ 25). The allegations of copying of the concepts, design, and layout of Plaintiff's website idea all refer to "Defendants." (FAC ¶ 27).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-728 AHM (CTx) | Date | April 20, 2007 |
|---|---|---|---|
| Title | ADAM PICK v. FREMANTLEMEDIA NORTH AMERICA, INC., et al. | | |

third of the advertising revenue from the *American Idol* website.[4] (Turner Depo., 100:23-101:9). Turner later explained that by Fox, he was referring to Defendant Fox Broadcasting Company ("FBC"). (*Id.* at 127:15-18). He testified that Fremantle's agreement is with FBC, and Fox Interactive Media "hosts and activates the websites on FBC's behalf." (*Id.* at 127:19-128:2). According to Plaintiff's Response to Special Interrogatory No. 4, "Fox" visited Plaintiff's Idol Go Home website on at least two occasions before allegedly copying Plaintiff's ideas on the *American Idol* website. (Karas Decl., Ex. B, p. 23). Moreover, the Director of Sales Development at Fox Interactive Media sent an email stating "The other Idol fantasy game [Idol Go Home] offers the following prizes and I don't want that to be reason for us losing traffic and/or participation." (Karas Decl., Ex. B., p. 27). This email also apparently preceded the modification of the *American Idol* website.

Under California law, "the rule has been fairly well established that each joint venturer has authority to bind the others in making contracts reasonably necessary to carry out the enterprise." *Medak v. Cox*, 12 Cal.App.3d 70, 76 n.2 (Cal. Ct. App. 1970) (upholding a judgment against defendants who were part of a joint venture, despite their not signing the relevant contract). The Defendants argue that a different California Court of Appeals case, *Rokos v. Peck*, held that implied contracts can only exist between the contracting parties. 182 Cal.App.3d 604 (Cal. Ct. App. 1986). In *Rokos*, the plaintiff writer entered into an implied contract whereby the defendant would attempt to sell her script. *Id.* at 609. When the defendant failed to do so, the plaintiff sought out another producer to sell the script. *Id.* This producer informed plaintiff that a network was in the process of making a similar project. *Id.* Plaintiff and the producer then both attempted to sue the defendant for breach of an implied contract, arguing that the defendant breached an implied contract by giving or selling the script to the network. *Id.* at 607. The court held that the producer lacked standing to sue the defendant for breach of implied contract, because the assignment of interests in a script did not give the assignee (the producer) the right to pursue a claim for breach of an implied contract between the assignor (the writer) and a third party (the defendant). *Id.* at 616.

*Rokos* is inapplicable here, as there is no issue of assignment of an implied

---

[4] Turner states that "19" receives the other one-third of the advertising revenue, but the portion of the deposition submitted to the Court does not explain who or what "19" is.

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 7 of 10 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-728 AHM (CTx) | Date | April 20, 2007 |
|---|---|---|---|
| Title | ADAM PICK v. FREMANTLEMEDIA NORTH AMERICA, INC., et al. | | |

contract. Instead, the FAC alleges that the Fox Defendants, as joint venturers, all were effectively parties to the implied contract. Although the Fox Defendants were not physically present when Plaintiff pitched his ideas, the FAC sufficiently alleges a breach of implied contract claim against them, in their capacity as agents and joint venturers with those Defendants who were present. As explained above, *Grosso* holds that this claim is not preempted by the Copyright Act. *Grosso*, 383 F.3d at 968. Thus, there are no grounds for removal of the claims against the Fox Defendants.

### D. Attorneys' Fees

Plaintiff seeks attorneys' fees and costs in conjunction with his now-successful motion for remand. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In *Martin v. Franklin Capital Corp.*, the Supreme Court enunciated the test for such an award:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied. In light of these 'large objectives,' the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand . . . may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 711 (2005) (holding that attorneys' fees were not warranted, where even the party seeking remand did not dispute the reasonableness of the defendants' removal arguments).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-728 AHM (CTx) | Date | April 20, 2007 |
|---|---|---|---|
| Title | ADAM PICK v. FREMANTLEMEDIA NORTH AMERICA, INC., et al. | | |

Here, the *Martin* standards warrant an award of attorneys' fees. Defendants removed the present case more than eight months after the filing of the initial Complaint and less than four months before the May 2007 trial date, which undoubtedly will have to be pushed back upon this case's return to Los Angeles County Superior Court. Their claim that they were unaware of the potential preemption issue until the recent discovery is not supported by the facts and thus is not reasonable. The initial Complaint itself contained allegations giving rise to the same supposed bases for the "preemption" arguments that Defendants later relied on in removing the First Amended Complaint. *See* pages 3-4, *supra*. The Plaintiff's responses to discovery merely reinforced, rather than first revealed, what the Complaint alleged. Defendants' counsel, in a commendable display of candor at the hearing on this motion, acknowledged this, although he used the colorful metaphor of "morphing" to characterize the supposed transformation of the claim into one for copyright infringement. There really was no such morphing; the figurative "look, sound and feel" of Plaintiff's claim may have become more vivid, but it was not transformed.

Furthermore, under the dispositive Ninth Circuit decision in *Grosso*, the breach of implied contract claim clearly was not preempted. Defendants' argument to the contrary was based on a number of district court decisions that predate *Grosso*, reached a result inconsistent with *Grosso*, and are no longer valid authority. As to the status of the Fox Defendants, Plaintiff's case appears to be based on copies of e-mails between employees of the different Defendants discussing their plans to copy precise elements of Plaintiff's website. (*See, e.g.*, Karas Decl., Ex. B, pp. 23, 27). In short, Defendants' removal of this case appears to have been designed to prolong litigation and impose costs on the Plaintiff, factors the Supreme Court has recognized as warranting the award of fees. *Cf. Patel v. Del Taco, Inc.*, 446 F.3d 996, 999-1000 (9th Cir. 2006).

According to the declarations, Plaintiff seeks a total of $16,040 in attorneys' fees. (*See* Decl. of Jeffrey B. Valle ¶ 3; P. Reply, Supp. Decl. of Jeffrey B. Valle ¶ 2). These amounts are based on their standard billing rates and hours spent on this motion:

| | | | |
|---|---|---|---|
| Jeffrey B. Valle | $390/hr. x 16 hours | = | $6,240 |
| | | | + |
| Katherine Pratt | $350/hr. x 28 hours | = | $9,800 |
| | | Total: | $16,040 |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | CV 07-728 AHM (CTx) | Date: April 20, 2007 |
| Title | ADAM PICK v. FREMANTLEMEDIA NORTH AMERICA, INC., *et al.* | |



Defendant has not challenged these amounts, and the Court finds them reasonable. Accordingly, the Court awards $16,040 to Plaintiff.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for remand.[5] The Court GRANTS Plaintiff's request for attorneys' fees and awards $16,040.

Initials of Preparer

---

[5] Dkt. No. 8.

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On May 2, 2007, I served true copies of the following document(s) described as NOTICE OF APPEAL, on the parties in this action as follows:

Jeffrey B. Valle, Esq.
Valle & Associates
11911 San Vicente Blvd.
Suite 324
Los Angeles, CA 90049
Telephone: (310) 476-0300
Facsimile: (310) 476-0333

**BY MAIL:** I am "readily familiar" with the practices of Quinn Emanuel Urquhart Oliver & Hedges for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. I enclosed the foregoing in sealed envelope(s) addressed as shown above, and such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 2, 2007, at Los Angeles, California.

_/s/ Elaine Chavarria_
Elaine Chavarria